**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATTHEW ROBERTS, an individual, and JOYCE ROBERTS, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>RESIDENTIAL CREDIT SOLUTIONS, INC., a Delaware corporation; PROSPECT MORTGAGE, LLC f/k/a METROCITIES MORTGAGE LLC, a Delaware corporation; GMAC WHOLESALE MORTGAGE CORP., f/k/a GMAC MORTGAGE CORP., a Delaware corporation; AMERICAN HOME MORTGAGE SERVICING, INC., a Delaware corporation; MORTGAGE ELECTRONIC REGISTRATION SERVICES, LLC, a Delaware corporation; and T.D. SERVICE COMPANY, an unknown entity,<br><br>Defendants. | CASE NO. 10-CV-1203-H (JMA)<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF** |

On June 4, 2010, Plaintiffs Matthew and Joyce Roberts filed a complaint for rescission and damages pursuant to the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., and for unfair business practices under California Business and Professions Code § 17200 et seq. (Doc. No. 1.) On July 7, 2010, Plaintiffs filed an *ex parte* request for temporary restraining

order and preliminary injunction, seeking to enjoin the sale of the secured property. (Doc. No. 4.)

Preliminary injunctions and Temporary Restraining Orders ("TROs") are reserved for emergency circumstances where the rights of a party are in urgent need of protection. <u>Granny Goose Foods, Inc. v. Bhd. of Teamsters</u>, 415 U.S. 423, 438 (1974). Apart from showing the necessity for immediate relief, applicants for a TRO must meet the same standards as for a preliminary injunction. <u>See, e.g.</u>, <u>Hunt v. Nat'l Broad. Co., Inc.</u>, 872 F.2d 289, 292 (9th Cir.1989). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. Natural Res. Def. Council, Inc.</u>, 129 S. Ct. 365, 374 (2008); <u>Marlyn Nutraceuticals, Inc, v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 877 (9th Cir. 2009).

In a rescission action under TILA, the party seeking rescission must restore to the non-rescinding party all consideration received under the contract. <u>See</u> 15 U.S.C. § 1635(b); <u>Yamamoto v. Bank of New York</u>, 329 F.3d 1167, 1172-73 (9th Cir. 2003). Here, Plaintiffs have not tendered the loan proceeds, nor have they plausibly alleged that they are capable of doing so. Plaintiffs concede that they fell behind on their mortgage payments and received a notice of default in December 2009. (Doc. No. 4 at 3; Doc. No. 9-2, Notice of Default). According to the Notice of Default recorded by Defendant American Home Mortgage Servicing, Inc. on December 18, 2009 and sent to Plaintiffs on December 23, 2009 by Defendant T.D. Service Company, Plaintiffs were behind on their loan payments in the amount of $92,529.13 as of December 24, 2009. (<u>Id.</u>) Plaintiffs filed this request for temporary restraining order on July 7, 2010. Plaintiffs have not established that they are likely to succeed on the merits of their TILA rescission claim. <u>See</u> <u>Winter</u>, 129 S. Ct. at 374. Accordingly, the Court concludes that there are inadequate grounds for issuance of a temporary restraining order.

///

///

**Conclusion**

For the reasons above, the Court DENIES Plaintiffs' motion for temporary restraining order and injunctive relief without prejudice.

**IT IS SO ORDERED.**

DATED: July 9, 2010

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

Copies to all parties;

Courtesy copy to Sasan Mirkarimi,

Attorney for Defendant Residential Credit Solutions, Inc.